■ ZACHARY WOODSON, an Infant, by His Mother and Natural Guardian, TRACY WOODSON, et al., Appellants, v AMERICAN TRANSIT INSURANCE COMPANY, Respondent, et al., Defendants. (And Another Action.) [722 NYS2d 138] —Interim judgment, Supreme Court, New York County (Herman Cahn, J.), entered January 26, 2000, which awarded plaintiffs the principal sum of $444,648.02 against defendant American Transit Insurance Company, unanimously affirmed, without costs.

Plaintiffs commenced this action pursuant to Insurance Law § 3420 (a) (1) to enforce a judgment obtained in a personal injury action in which the infant plaintiff was injured by a truck owned by defendant's insured. A final judgment of $4.17 million, including $757,368.66 in pre-judgment interest, was entered against defendant's insured. The insurance policy provision at issue provides that, in addition to the face value of the policy ($1 million), the insurer will pay: "All interest on the *full amount of any judgment that accrues after entry of judgment* in any 'suit' we defend; *but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance*" (emphasis added).

Contrary to plaintiffs' argument, the policy unambiguously provides that the obligation to pay interest terminates once the insurer has tendered or paid an amount up to the policy limit, in this case, $1,757,368.66. The IAS court therefore correctly held that, as of January 16, 1998, when defendant had paid plaintiffs approximately $1,760,000, its contractual liability to pay further sums for post-judgment interest ended. Plaintiffs' argument, that defendant's obligation to pay post-judgment interest on the judgment does not cease until defendant has paid all interest due on the judgment, runs counter to the clear provisions of the policy provision and renders meaningless the proviso that the obligation to pay interest ends "when [the insurer has] paid * * * the part of the judgment that is within [the insurer's] Limit of Insurance." Such an interpretation

should be rejected (*see, Yoi-Lee Realty Corp. v 177th St. Realty Assocs.*, 208 AD2d 185, 190). Concur—Rosenberger, J. P., Williams, Mazzarelli, Andrias and Rubin, JJ.